UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

West Bend Mutual Insurance Company,

          Plaintiff,

   v.

Prairie Senior Cottages, LLC,

          Defendant.

MEMORANDUM OPINION
AND ORDER
Civ. No. 04-4482 ADM/AJB

_____

Joseph A. Nilan, Esq. and Jon R. Steckler, Esq., Gregerson, Rosow, Johnson & Nilan, Ltd., Minneapolis, MN, argued on behalf of Plaintiff.

Leny K. Wallen-Friedman, Esq., Wallen-Friedman & Floyd, P.A., Minneapolis, MN, argued on behalf of Defendant.

_____

I. INTRODUCTION

On January 26, 2006, oral argument before the undersigned United States District Judge was heard on Plaintiff West Bend Mutual Insurance Company's ("Plaintiff" or "West Bend") Motion for Summary Judgment [Docket No. 25]. In its Complaint [Docket No. 1], Plaintiff seeks a declaratory judgment that it is under no obligation to indemnify Defendant Prairie Senior Cottages, LLC ("Defendant" or "Prairie"), its insured, in counts II through VIII of a wrongful death lawsuit instituted against the Defendant in Minnesota state court. Delphia O. Mellies ("Mellies"), the plaintiff in the underlying wrongful death lawsuit, has not been joined in the instant federal action as a party. After oral argument, the Court asked the parties for supplemental briefing on whether Mellies must be joined as a party in this action for the case to proceed [Docket No. 43]. Both parties filed supplemental briefs on February 9, 2006 [Docket Nos. 44, 47]. For the reasons set forth herein, Plaintiff's Motion is denied.

## II. BACKGROUND

Plaintiff West Bend is an insurance company, and Defendant Prairie is a limited liability company which operates an assisted-living facility. Compl. ¶¶ 3, 4; Nilan Aff. [Docket No. 29] Ex. 1 ¶ 2. On August 18, 2004, Mellies, individually and as Trustee for the Next-of-Kin of Virgil R. Mellies, instituted a wrongful death suit in McLeod County District Court in Minnesota against Prairie Senior Cottages of Hutchinson, LLC, and Prairie Senior Cottages, LLC. Nilan Aff. Ex. 1. Mellies' husband, Virgil R. Mellies, suffered from Alzheimer's disease and was a resident at Prairie's Hutchinson, Minnesota facility. Id. ¶ 3. In her complaint, Mellies alleges that on September 11, 2002, her husband was allowed to wander out of the facility unattended, and he later drowned in a nearby marsh. Id. ¶¶ 6, 7. Mellies alleges that her husband's ability to abscond and subsequent death were caused by Prairie's intentional or negligent conduct. Id.

In her complaint, Mellies alleges eight causes of action: 1) wrongful death, 2) intentional and/or reckless misrepresentation, 3) negligent misrepresentation, 4) intentional infliction of emotional distress, 5) negligent infliction of emotional distress, 6) tortious performance and breach of contract, 7) breach of independent duty, and 8) violation of consumer fraud act and application of private attorney general statute. Id. Mellies has also brought a motion in state court to amend her complaint to add a claim for punitive damages. Nilan Aff. Ex. 3.

Prairie is insured by West Bend insurance policy no. NSN 0456879-01 BL, covering commercial general liability from July 1, 2002 to July 1, 2003. Nilan Aff. Ex. 2. Prairie claimed coverage under the insurance policy, and West Bend is currently defending Prairie in Mellies' wrongful death lawsuit. Compl. ¶ 7. West Bend alleges that particular contractual language and exclusions in the insurance policy provide there is no duty to indemnify Prairie on counts II

through VIII of the wrongful death complaint, or the potential claim for punitive damages. Compl. ¶ 13.

### III. DISCUSSION

As an initial matter, the Court must address whether Mellies is a necessary party that must be joined before this action can proceed. Rule 19(a) of the Federal Rules of Civil Procedure provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject mater of the action shall be joined as a party in the action if (1) in the person's absence complete relief can not be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any risk of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Complete relief could be accorded between West Bend and Prairie in Mellies' absence because the Court could presumably determine, pursuant to the insurance policy language and applicable Minnesota case law, which of Mellies' asserted claims in the underlying lawsuit are covered by the insurance policy at issue, and whether West Bend must indemnify Prairie. However, Mellies is a necessary party and this action can not proceed without her because she has an interest relating to the subject matter of the action, and her interest could be impaired or impeded if coverage issues are decided without giving her an opportunity to protect her interest. While her interest may be similar to that of Prairie, Rule 19(a) does not include an "interest is adequately represented by existing parties" prong as does Rule 24(a) regarding intervention as of right. Even if it did, it is not clear that Mellies and Prairie's interest are identical or that Prairie could adequately represent Mellies' interest. See Conn. Ins. Guar. Assoc. v. Raymark Corp., 575 A.2d

693, 695-96 (Conn. 1990) ("It is generally held that an injured person having a claim against an insured tortfeasor has a legal interest in a coverage dispute with the insurer and must be either notified or joined as a party in a declaratory judgment action to decide the coverage question.") (citations omitted).

There is no evidence in the record that Mellies has been notified of the instant action, and it appears that the underlying case is still proceeding. Therefore, this action must be stayed pending West Bend's joinder of Mellies as a necessary party. Mellies must then be given the opportunity to waive presentation of a defense, join Prairie in its defense, or present her own defense in this matter. The Court's decision is supported by a reading of the case law cited by West Bend in its summary judgment memorandum of law which shows that the injured party, insured, and insurer are typically all parties to a coverage dispute action unless one of the aforementioned parties has settled its portion of the case or the underlying lawsuit has already concluded. Compare Allstate Ins. Co. v. Steele, 74 F.3d 878 (8th Cir. 1996) (insurer sought declaratory judgment and named both insured and injured party as defendants), and Iowa Kemper Ins. Co. v. Stone, 269 N.W.2d 885 (Minn. 1978) (same), with Ellensohn v. Am. Family Mut. Ins. Co., 906 F.3d 1075 (8th Cir. 1996) (after insurer refused to defend, insured settled with injured party and then sued insurer for breach of contract), and Tschimperle v. Aetna Cas. & Sur. Co., 529 N.W.2d 421 (Minn. Ct. App. 1995) (injured party brought garnishment action against insurer after injured party and insured entered into Miller-Shugart agreement).

The Court's ruling in this matter precludes it from deciding the issue of summary judgment here, but the viability of such a future motion on the current record is doubtful. The Minnesota Supreme Court has clearly stated that when determining whether there is insurance

coverage for an "occurrence" defined as an "accident," the relevant concept is whether there was an intent to injure, not whether there was an intent to act. Am. Family Ins. Co. v. Walser, 628 N.W.2d 605, 611-12 (Minn. 2001). "[W]here there is no intent to injure, the incident is an accident, even if the conduct itself was intentional." Id. at 612. The court also concluded that "the purpose of intentional act exclusions is to exclude insurance coverage for wanton and malicious acts by an insured, and therefore we may, absent a finding of specific intent to injure, infer intent to injure as a matter of law." Id. at 613. The court went on to state that intent to injure has only been inferred in cases that are "factually extreme," such as cases involving the use of loaded weapons, or nonconsensual or dangerous sexual conduct. Id. at 612-14.

West Bend seeks a declaratory judgment that counts II through VIII of the underlying complaint are either not covered or excluded under the insurance policy because they allege intentional or reckless acts which are not "accidents" or "occurrences" as defined by the policy. However, the focus is not whether Prairie's acts were intentional, but rather whether Prairie, through its actions, intended to injure Mr. Mellies. At this stage of the proceedings, the facts in the underlying case are not sufficiently developed to conclude based on the underlying complaint and the affidavits whether Prairie had an intent to injure Mr. Mellies. Similarly, the underlying case is insufficiently developed for the court to infer an intent to injure for purposes of the intentional acts exclusion.

West Bend also asserted that coverage for count six of the underlying complaint is excluded pursuant to the "assumption of contractual liability" exclusion. Prairie concedes that while coverage for a pure breach of contract claim may be excluded, Mellies' claim is for breach of contract accompanied by an independent tort, and therefore may not be excluded. Finally,

West Bend has asserted that coverage for punitive damages is excluded, but because no claim for punitive damages has yet been pled, West Bend's Motion regarding punitive damages is premature.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff West Bend Mutual Insurance Company's Motion for Summary Judgment [Docket No. 25] is **DENIED**;

2. Mellies is a **NECESSARY PARTY** to this action and must be **JOINED** by West Bend; and

3. This action is **STAYED** until Mellies has been joined and has had an opportunity to waive presentation of a defense, join Prairie in its defense, or present her own defense in this matter.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 27, 2006.